**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: UNASSIGNED**

-------------------------------------------------------------------X

**VIRTUS NUTRITION, LLC**                                          :
                                                                   :
       **Plaintiff,**                                        :
                                                                   :
       *v.*                                                  :        **No. 21-00165**
                                                                   :
**THE UNITED STATES**                                              :
                                                                   :
       **Defendant.**                                        :

-------------------------------------------------------------------X


**<u>PLAINTIFF'S MOTION FOR ASSIGNMENT OF A JUDGE</u>**

      In accordance with Rules 1, 7, and 77(e)(1), Plaintiff, Virtus Nutrition, LLC ("Virtus"), by and through undersigned counsel, respectfully requests that this action be assigned to a Judge of the Court, so that plaintiff can move the assigned Judge to enter an order directing defendant to show cause why an expedited litigation schedule should not be established for this action, which challenges the exclusion of merchandise from entry.[1] As demonstrated herein, good cause exists for the granting of this motion.

      Plaintiff commenced this action on April 15, 2021 to contest the denial of its protest which challenged the decision of United States Customs and Border Protection ("CBP") to exclude from entry some $2.08 million worth of palm oil fatty acid distillates and palm stearin, which was entered into the United States under cover of San Francisco Consumption Entry No. 808-2001373-0 of February 10, 2021.  CBP first detained the merchandise on February 8, 2021, and then excluded it on March 23, 2021, asserting that the goods were subject to exclusion pursuant

---

[1] An application for an Order Directing Defendant to Show Cause Why an Expedited Litigation Schedule should not be entered is being filed concurrently herewith.

to 19 U.S.C. § 1307, which prohibits the importation of goods made with forced labor.[2] In particular, CBP purports to have detained and excluded Plaintiff's merchandise pursuant to a December 30, 2020 Withhold Release Order ("WRO") issued with respect to palm oil products made in Malaysia by Sime Darby Plantation Bhd ("Sime Darby"). Plaintiff's imported palm oil is manufactured by a different Malaysian producer, Wilmar.

Plaintiff contends that its merchandise was not made by, and contains no content from, Sime Darby or any other Malaysian producer subject to a WRO. It is properly admissible into the United States.

Plaintiff timely protested the exclusion of the merchandise which is the subject of this action. Upon denial of its protest, Plaintiff timely commenced this action by the filing of a Summons, and immediately thereafter filed its Complaint. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1581(a).

**Motion for Assignment of a Judge.**

Pursuant to USCIT Rule 77(e)(1),[3] Plaintiff requests that the Chief Judge enter an Order assigning this action to a Judge of this Court, and transmitting to the Assigned Judge Plaintiff's

---

[2] Section 307 of the Tariff Act of 1930, as amended [19 U.S.C. §1307] provides:

> All goods, wares, articles, and merchandise mined, produced, or manufactured wholly or in part in any foreign country by convict labor or/and forced labor or/and indentured labor under penal sanctions shall not be entitled to entry at any of the ports of the United States, and the importation thereof is hereby prohibited, and the Secretary of the Treasury is authorized and directed to prescribe such regulations as may be necessary for the enforcement of this provision.

> "Forced labor", as herein used, shall mean all work or service which is exacted from any person under the menace of any penalty for its nonperformance and for which the worker does not offer himself voluntarily. For purposes of this section, the term "forced labor or/and indentured labor" includes forced or indentured child labor.

[3] USCIT Rule 77(e)(2) provides:

> (e) Assignment and Reassignment of Cases.

> (1) Assignment to Single Judge. All cases will be assigned by the chief judge to a single judge, except as prescribed in paragraph (2) of this subdivision.

accompanying Motion for Entry of an Order Directing Defendant to show cause why an expedited

litigation schedule should not be entered in this action.

Respectfully submitted,

NEVILLE PETERSON LLP

*Counsel for Plaintiff Virtus Nutrition Inc.*
One Exchange Plaza at 55 Broadway
New York, New York 10006
(212) 635-2730
(212) 635-0113 (Fax)

By:    /s/ John M. Peterson
       John M. Peterson
       Richard F. O'Neill
       Patrick B. Klein

May 12, 2021