UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

------------------------------------------------------------------X
VIRTUS NUTRITION, LLC                    :
                                         :
       Plaintiff,                        :
                                         :
       v.                                :       No. 21-00165
                                         :
THE UNITED STATES                        :
                                         :
       Defendant.                        :
------------------------------------------------------------------X

## PLAINTIFF'S APPLICATION FOR AN ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY AN EXPEDITED LITIGATION SCHEDULE SHOULD NOT BE ENTERED IN THIS ACTION

Pursuant to Rules 1, 3(g)(3), 7 and 26 of the Rules of the United States Court of International Trade ("USCIT R."), Plaintiff, Virtus Nutrition, LLC, respectfully requests that this Court enter an Order directing defendant, the United States, to Show Cause why an expedited litigation schedule should not be entered in this action, which challenges the exclusion of merchandise from entry by United States Customs and Border Protection. As demonstrated herein, good cause exists for the granting of this motion.

I.     **Statement of Facts**

Plaintiff commenced this action April 15, 2021 to contest the denial of its protest which challenged the decision of United States Customs and Border Protection ("CBP") to exclude from entry some $2.08 million worth of palm oil fatty acid distillates and palm stearin, entered into the United States under cover of San Francisco Consumption Entry No. 808-2001373-0 of February 10, 2021. CBP first detained the merchandise on February 8, 2021, and then excluded it on March 23, 2021, asserting that the goods were subject to exclusion pursuant to 19 U.S.C.

§ 1307, which prohibits the importation of goods made with forced labor.[1] CBP purports to have detained and excluded plaintiff's merchandise pursuant to a December 30, 2020 Withhold Release Order ("WRO") issued with respect to palm oil products made in Malaysia by Sime Darby Plantation Bhd ("Sime Darby"). Plaintiff's imported palm oil is not manufactured by Sime Darby but by a different Malaysian producer, Wilmar, which is not subject to a WRO.

Plaintiff contends that its merchandise was not made by, and contains no content from, Sime Darby or any other Malaysian producer of palm oil and palm oil products which is which is subject to a WRO.

Plaintiff timely protested the exclusion of the merchandise which is the subject of this action. Upon denial of its protest, Plaintiff timely commenced this action by the filing of a Summons, and immediately thereafter filed its Complaint. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1581(a).

**II.   Grounds for this Motion.**

Pursuant to USCIT Rule 3(g), Plaintiff moves this Court to issue an Order directing defendant to appear and Show Cause why an expedited litigation schedule should not be entered in this action. Plaintiff submits herewith a proposed expedited litigation schedule for this action.

---

[1] Section 307 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1307, provides:

All goods, wares, articles, and merchandise mined, produced, or manufactured wholly or in part in any foreign country by convict labor or/and forced labor or/and indentured labor under penal sanctions shall not be entitled to entry at any of the ports of the United States, and the importation thereof is hereby prohibited, and the Secretary of the Treasury is authorized and directed to prescribe such regulations as may be necessary for the enforcement of this provision.

"Forced labor", as herein used, shall mean all work or service which is exacted from any person under the menace of any penalty for its nonperformance and for which the worker does not offer himself voluntarily. For purposes of this section, the term "forced labor or/and indentured labor" includes forced or indentured child labor.

This action involves the exclusion of merchandise from entry, and is entitled to a calendar priority under USCIT R. 3(g)(3).[2] Moreover, pursuant to a Temporary Storage Agreement entered into between Plaintiff and the Port Director of CBP for the Port of San Francisco/Oakland, California, the excluded goods are currently being kept stored in shore tanks and rail cars in Stockton, California, at a cost to Plaintiff of more than $35,000 for storage and maintenance per a month. *See* Affirmation of Matt Swanson, submitted herewith.

Plaintiff uses the imported merchandise at its Corcoran, California plant, in the manufacture of long fatty-acid chain calcium salts, which are used in cattle nutrition. While the imported materials remain unavailable to it, Plaintiff is unable to use them to produce calcium salts, or to realize revenue from the sale of such salts.

Entry of an order directing Defendant to show cause why an expedited litigation schedule should not be issued will not impose serious hardships on Defendant, since Plaintiff has provided the Government with extensive information concerning the imported merchandise in administrative proceedings, and in informal discovery and settlement discussions conducted prior to the filing of this motion.

---

[2] Rule 3(g)(3) provides in relevant part:

(g) Precedence of Action. On motion for good cause or on its own the court may expedite the following actions and give them precedence over other pending actions:

(1) An action involving the exclusion of perishable merchandise or redelivery of such merchandise;

\*       \*       \*

(3) An action described in 28 U.S.C. § 1581(a) to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930, involving the exclusion or redelivery of merchandise;

While the subject imported Palm Fatty Acid Distillates and Palm Stearin are not immediately perishable, they are agricultural products which have a limited shelf life of about one (1) year.

A. **Administrative Proceedings.**

The merchandise in question was produced by Wilmar at its Sandakan Edible Oils Refinery in Sandakan, Sabah State, Malaysia. In connection with administrative consideration of the admissibility of the instant merchandise, Plaintiff furnished Defendant with extensive evidence concerning the merchandise which is the subject of this action. This evidence included:

- Information showing the merchandise being laden on the M/V ARGENT GERBERA at and from the Wilmar-controlled Sandakan Edible Oils Refinery in Sandakan, Sabah State, Malaysia;
- Information concerning the refining process performed at the Sandakan Edible Oils Refinery, Sandakan, Sabah State, Malaysia;
- Information concerning the processing of palm fresh fruit bunches ("FFB") into crude palm oil ("CPO") and lauric (made from the kernels of the palm fruit)[3] at plants owned by Wilmar which supply CPO to the Sandakan Edible Oils Refinery;
- Information concerning the identity and ownership of other CPO plants which supply CPO and lauric to the Sandakan Edible Oils Refinery;
- Information showing the purchase and delivery of FFB to the CPO plants controlled by Wilmar; and
- Information showing the transportation of materials from the CPO mills to the Sandakan refinery.

In addition to providing this information to CBP during the detention period, Plaintiff provided CBP with an extensive Consignee Statement, pursuant to Section 12.43(b) of the CBP

---

[3] Lauric is not involved in this litigation.

Regulations, 19 C.F.R. § 12.43, containing much of the documentation set out above, together with a narrative explanation of the sourcing and manufacturing of Plaintiff's merchandise.

Following exclusion of its merchandise, Plaintiff furnished CBP with extensive information accompanying its protest against exclusion of its merchandise.

### B.     Judicial Proceedings.

Upon the filing of this action, Plaintiff's undersigned counsel contacted Justin Miller, Attorney-in Charge of the United States Department of Justice's International Trade Field Office, to discuss the filing of this case, and the need for preliminary motions and entry of an expedited scheduling order. Plaintiff's counsel has also had open discussions with Marcella Powell, Esq., and Monica Triana, Esq., the Department of Justice attorneys who have entered an appearance in this case. These discussions have been in some ways productive. For instance, while the Notice of Exclusion issued with respect to the merchandise at bar provided Plaintiff with sixty (60) days to export the merchandise, under threat of disposition by CBP, the agency and its counsel have agreed with Plaintiff that the filing of Plaintiff's protest removes the threat of seizure or deemed abandonment, and that CBP will maintain the status quo, eliminating the need for Plaintiff to seek a Preliminary Injunction for that purpose.

Plaintiff has also made numerous proffers of evidence to defendant's counsel. These proffers have included all the documentation previously submitted to CBP, as well as additional information. It is accurate to say that all documentation which Plaintiff has regarding the production of the imported merchandise has been provided to Defendant's counsel.

In connection with discussions between the parties, Plaintiff has provided Defendant with a draft of its proposed documentary discovery requests in this action.

Plaintiff has also advised Defendant's counsel that if CBP had in its possession any information indicating that Plaintiff's merchandise was made with forced labor, Plaintiff would entertain a proffer of same (and likely withdraw this suit if the evidence was credible). Defendant has not made any such proffer, however.

Given the extensive discussions between the parties which have occurred prior to the filing of this application, Defendant is well-positioned to complete discovery in an expeditious manner.

While counsel for the parties have been in discussions regarding a proposed litigation schedule, they have been unable to arrive at an agreement, which necessitates the filing of the instant motion. This is an exclusion case. The excluded merchandise has a limited shelf life. In order for the case to have a chance of providing Plaintiff with meaningful relief, it must be litigated in an expeditious manner, and the Court must be given time to render a decision.

WHEREFORE, Plaintiff respectfully moves that this Court issue an Order directing Defendant to Show Cause, why the attached proposed scheduling order, or some other expedited Scheduling Order, should not be entered in this case.

    Respectfully submitted,

    NEVILLE PETERSON LLP
    *Counsel for Plaintiff Virtus Nutrition Inc.*
    One Exchange Plaza at 55 Broadway
    New York, New York 10006
    (212) 635-2730
    (212) 635-0113 (Fax)

By:   /s/ John M. Peterson
       John M. Peterson
       Richard F. O'Neill
       Patrick B. Klein

May 12, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

```
-----------------------------------------------------------------X
VIRTUS NUTRITION, LLC                :
                                     :
        Plaintiff,                   :
                                     :
                                     :
        v.                           :    No. 21-00165
                                     :
THE UNITED STATES                    :
                                     :
        Defendant.                   :
-----------------------------------------------------------------X
```

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Application for an Order to Show Cause by this Court's CM/ECF on May 12, 2021.

                                            /s/ Patrick B. Klein
                                            Patrick B. Klein