UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE
_____

| | |
|---|---|
| VIRTUS NUTRITION, LLC, : | |
| : | Court No. 21-00165 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

_____:

## **ORDER**

    Upon reading plaintiff's application for an order directing defendant to show cause why an expedited litigation schedule should not be entered in this action, defendant's opposition thereto; upon other papers and proceedings had herein; it is hereby

    ORDERED that plaintiff's motion be, and hereby is, denied; and it is further

    ORDERED that defendant's proposed Scheduling Order is entered.

 

_____
JUDGE


Dated:     New York, NY
            This    day of         , 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:

_____
                                              :
VIRTUS NUTRITION, LLC,                        :
                                              :
        Plaintiff,                           :    Court No. 21-00165
                                              :
        v.                                   :
                                              :
UNITED STATES,                                :
                                              :
        Defendant.                           :
_____:

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR AN ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY AN EXPEDITED LITIGATION SCHEDULE SHOULD NOT BE ENTERED IN THIS ACTION

Defendant, United States, submits this response to plaintiff's, Virtus Nutrition, LLC (Virtus), Application for An Order Directing Defendant To Show Cause Why An Expedited Litigation Schedule Should Not Be Entered In This Action. For the reasons set forth below, plaintiff's motion should be denied and defendant's proposed scheduling order should be entered.

### BACKGROUND

This case involves a novel issue of first impression related to the prohibition of the importation of goods made with forced labor. Virtus entered one shipment of palm fatty acid distillate (PFAD) and palm stearin which U.S. Customs and Border Protection (CBP) excluded due to a reasonable belief that the imported PFAD and palm stearin was made either wholly or in part by forced, convict, or indentured labor which is prohibited from entry into the United States. 19 U.S.C. § 1307. Virtus seeks expedited treatment because this is excluded merchandise. However, the proposed scheduling order fails to take into account the complex nature and the

novel legal issues of this case which warrant a more reasonable discovery period and briefing schedule.

A.   **U.S. Customs and Border Protection's Enforcement of 19 U.S.C. § 1307**

CBP excluded plaintiff's one entry of PFAD and palm stearin pursuant to 19 U.S.C. § 1307, which prohibits the importation of all goods made "wholly or in part" by forced, convict, or indentured labor. Section 1307[1] states:

> All goods, wares, articles, and merchandise mined, produced or manufactured wholly or in part in any foreign country by convict labor or/and forced labor or/and indentured labor under penal sanctions shall not be entitled to entry at any of the ports of the United States, and the importation thereof is hereby prohibited, and the Secretary of the Treasury is authorized and directed to prescribe such regulations as may be necessary for the enforcement of this provision.
>
> "Forced labor" as herein used, shall mean all work or service which is exacted from any person under the menace of any penalty for its nonperformance and for which the worker does not offer himself voluntarily. For purposes of this section, the term "forced labor or/and indentured labor" includes forced or indentured child labor.

By its express terms, section 1307 prohibits the importation of goods mined, produced or manufactured wholly or **in part** with forced labor. Thus, the statute's reach extends to the entire supply chain of a foreign mined, produced or manufactured good.

CBP has to investigate allegations of violations of section 1307 and to enforce the statute through detention, exclusion, and seizure of prohibited merchandise where appropriate. *See* 19 C.F.R. §§ 12.42-12.45; 19 U.S.C § 1307 (authorizing the Secretary of the Treasury to prescribe

---

[1] Until 2016, section 1307 had a "consumptive demand" exception that was repealed by Section 910 of the Trade Facilitation and Trade Enforcement Act of 2015, Pub. L. No. 114-125, 130 Stat. 239 (Feb. 24, 2016). The exception had allowed the importation of certain forced labor-produced goods if the goods were not produced "in such quantities in the United States as to meet the consumptive demands of the United States." With the repeal of the consumptive demand exception there is no *de minimis* exception to section 1307.

regulations as necessary for the enforcement of this provision). In addition, CBP is authorized to issue a "withhold release order" (WRO) under section 12.42(e) of the regulations, if it has information that "reasonably but not conclusively indicates" both that merchandise falls within the purview of section 1307, and is being, or is likely to be, imported into the United States.

In order to prove admissibility after its merchandise is detained pursuant to a WRO, an importer is required to submit to CBP, *inter alia*, a statement "showing in detail that he had made every reasonable effort to determine the source of the merchandise and of every component thereof and to ascertain the character of labor used in the production of the merchandise and each of its components, the full results of his investigation, and his belief with respect to the use of the class of labor specified in the finding in any stage of the production of the merchandise or of any of its components." 19 C.F.R. § 12.43(b).

B.  The Exclusion of the Merchandise At Issue

CBP issued a WRO, effective December 30, 2020, prohibiting the importation of goods made in part or wholly with palm oil produced by the Sime Darby Plantation Berhad and its subsidiaries, joint ventures, and affiliated entities (Sime Darby) in Malaysia.

On or about February 8, 2021, CBP detained plaintiff's one shipment of PFAD and palm stearin from Malaysia pursuant to the WRO. *See* Pl.'s Compl., Ex. A. CBP reasonably believed that the merchandise was made wholly or in part with palm oil made by Sime Darby. On February 10, 2021, plaintiff filed a CBP Form 7501 Entry Summary covering the merchandise with CBP. On March 23, 2021, CBP excluded the shipment from entry into the United States. *See* Pl.'s Compl., Ex. B. On March 31, 2021, plaintiff protested the exclusion of its merchandise, and on April 7, 2021, CBP denied plaintiff's protest on the grounds that the evidence submitted by plaintiff was insufficient to establish the admissibility of the merchandise.

Plaintiff commenced an action in this Court on April 15, 2021. Plaintiff then filed an order to show cause to expedite this case on May 12, 2021.

Through its motion, plaintiff seeks the entry of an extremely condensed scheduling order. The Government can agree to file its response to plaintiff's Complaint within ten (10) days of the entry of the scheduling order. However, the remainder of plaintiff's proposed schedule is impractical and unwarranted. The Government submits a counter proposal scheduling order with this response. *See* Ex. A.

## ARGUMENT

I. **PLAINTIFF'S EXTREMELY TRUNCATED PROPOSED SCHEDULE FAILS TO TAKE INTO ACCOUNT THE EXTENSIVE NATURE OF ITS MALAYSIAN SUPPLY CHAIN AT ISSUE AND THE NEED TO OBTAIN DISCOVERY FROM THOSE ENTITIES**

Plaintiff seeks an expedited schedule on the grounds that the merchandise at issue has a shelf-life of one (1) year and that it is paying a monthly storage fee. Pl.'s Mot. at 3. Plaintiff further contends that an expedited schedule would not impose a hardship on the Government because plaintiff has provided extensive information during the administrative proceedings, informal discovery, and settlement discussions conducted prior to the filing of its motion. Pl.'s Mot. at 3.

Although exclusion actions may be expedited, plaintiff's extremely truncated proposed schedule does not provide sufficient time for discovery in a case where the core inquiry is the traceability of the supply chain involved in the sourcing and production of the subject PFAD and palm stearin from Malaysia.

Because 19 U.S.C. § 1307 prohibits the importation of all goods made even **in part** by forced, convict, or indentured labor, we require detailed and complete discovery covering the entire production chain of manufacture. Based on the limited documentation provided to the

4

Government thus far, it appears that the supply chain for the subject merchandise is complicated and multilayered. Plaintiff purportedly purchased the PFAD and palm stearin from Mitsui & Co., which is a trading company located in New York, New York. Presumably, Mitsui purchased the PFAD and palm stearin from Wilmar International Limited (Wilmar), a large agribusiness group located in Singapore, and Wilmar obtained the products from Sandakan Edible Oils Sdn Bhd (SEO), a refinery that produces palm oil products, located in Malaysia. According to plaintiff, SEO obtained some of its crude palm oil (CPO) from four mills that are owned by Wilmar and located in Malaysia. Those four mills, according to plaintiff, obtained the CPO from fresh fruit bunches from a large number of small farmers.

Virtus has provided **some** documentation that has been helpful to explain its supply chain. However, plaintiff has failed to provide sufficient documentation to establish "the source of the merchandise and of every component thereof [] to ascertain the character of labor used in the production of the merchandise and each of its components." 19 C.F.R. § 12.43(b). Specifically, plaintiff has not traced the production of the merchandise at issue from the harvesting of the palm fruit to the production of CPO to the refining of that CPO into PFAD and palm stearin, nor has it demonstrated that at each stage of production no "forced, convict, or indentured labor" was involved. Indeed, plaintiff has not provided documentation that completely traces the production of CPO from even one of the four Wilmar owned mills from which the imported PFAD and palm stearin originated. Plaintiff also has not provided any actual production records from those mills or SEO, or records identifying all of the suppliers for those mills during the relevant time periods.[2] Instead of actual production records, plaintiff largely

---

[2] FRE 1006 provides that summaries are admissible provided that proponent makes the original or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. *See Meyer Corp. U.S. v. United States*, Court No. 13-00154, Slip Op.

5

produced generic diagrams obtained from internet websites. Further, plaintiff has not provided a complete set of transactional documents between any of the mills and refineries in the supply chain, between Mitsui and Wilmar, and between Mitsui and plaintiff.

A sixty-day limit for discovery as Virtus proposes, would not provide sufficient time to complete critical fact-finding, and would hamper the parties' ability to prepare for a trial or dispositive motions. The discovery in this action will likely involve acquiring documentation (records) from several foreign companies as well as deposing representatives of those companies. Discovery is anticipated to involve third-party subpoenas and coordination of dates/times of deponents overseas in different time zones. Additionally, expert witnesses might be enlisted to assist the Court with understanding the issues. Accordingly, in light of these practical considerations and the operation of the Rules of this Court, we propose a 90-day discovery period. A 90-day discovery period would allow for the depositions of party witnesses as well as provide time to obtain documents from third-parties and to depose them. Moreover, we are cognizant that because many of the third parties are located outside of the United States, we may encounter delays and unexpected issues. Plaintiff's proposed discovery schedules does not take into account any of these considerations and curtails our ability to obtain the facts necessary for a complete account of the traceability of the imported PFAD and palm stearin.

In addition to discovery related to the traceability of the merchandise at issue, Vertus has indicated that it intends to serve written discovery on the Government and it is contemplating taking depositions of Government witnesses. Plaintiff has provided a draft of the document requests that it intends to serve on the Government, and the Government anticipates that it will

---

21-26 (Mar. 1, 2021) (Court precluded plaintiff's evidence because it did not satisfy any of the prerequisites of FRE 1006).

most likely assert one or more privileges in response to several requests. Plaintiff's proposed requests seek documents related to the shipment at issue but they also go beyond this case by seeking documents related to the underlying WRO. The 90 days would not only provide the full thirty days provided by USCIT Rules 30 and 33 to respond and to obtain written party discovery, but will also allow for the depositions of party representatives and potentially the resolution of any discovery disputes.

Accordingly, in light of the numerous aspects of discovery that need to be addressed, we respectfully request that the Court allow a discovery period of 90 days.

## II. PLAINTIFF'S PROPOSED BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS IS UNWARRANTED AND NOT CONSTRUCTIVE

Plaintiff's proposed scheduling order also provides for insufficient timeframes for the briefing of dispositive motions. Virtus proposes that dispositive motions be filed by August 16, 2021, response briefs filed ten days later on August 26, 2021, and reply briefs filed by September 4, 2021. Plaintiff's proposed schedule is unworkable. Plaintiff's schedule does not provide for cross-motions for summary judgment. Moreover, plaintiff has not provided a justification for reducing the Government's time to file an opposition from thirty-five days to a mere ten days.

This case presents a novel, complex legal issue involving section 1307. The traceability of the merchandise involves a significant amount of fact-finding and documentation. Fulsome briefing is necessary to present the Court with all of the information necessary to adjudicate the propriety of the exclusion of plaintiff's merchandise. Accordingly, the Government should be afforded the entire thirty-five day period to file its opposition and cross-motion for summary judgment and the full twenty-one day period to file its reply brief. Plaintiff may file its opposition and reply briefs earlier than the time provided by Court's rules if it wishes to do so,

however, the Government's time should not be shortened to brief these important issues of first impression.

For the foregoing reasons, plaintiff's motion should be denied, and defendant's proposed scheduling order should be entered.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

By:  /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Marcella Powell
MARCELLA POWELL
Senior Trial Counsel

/s/ Monica Triana
MONICA TRIANA
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Attorneys for Defendant
Tel. No. 212-264-9230 or 1873

Dated: May 17, 2021

8

# EXHIBIT A

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. TIMOTHY M. REIF, JUDGE
_____
                                              :
VIRTUS NUTRITION, LLC,         :
                                              :
            Plaintiff,                  :   Court No. 21-00165
                                              :
      v.                                  :
                                              :
UNITED STATES,                     :
                                              :
            Defendant.              :
_____:

## PROPOSED SCHEDULING ORDER

Pursuant to USCIT Rules 1 and 16 it is hereby

**ORDERED** that:

1. Defendant's response to plaintiff's Complaint is due ten (10) days from the entry of this order.

2. Fact discovery shall be completed no later than August 26, 2021.

3. Motions, if any, regarding discovery shall be submitted by September 2, 2021.

4. Dispositive motions, if any, will be filed by September 16, 2021. A brief in response to a dispositive motion may include a dispositive cross-motion. The due date for reply briefs are governed by the Court's rules.

5. If no dispositive motions are filed, a request for trial will be filed by September 6, and will be accompanied by a proposed order governing preparation for trial. Any request for trial shall also include the party's preference regarding a trial venue, *e.g.*, New York City; Washington, D.C.; Alexandria, Virginia; or some other venue (including a fully remote proceeding).

6. Trial, if necessary, will begin at a time and place ordered by the Court.

The Clerk of the Court is directed to forward copies of this scheduling order to counsel for the parties.

_____
                                                                                  Judge

Dated: This \_\_\_ day of _____ 2021
New York, New York