UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HONORABLE TIMOTHY M. REIF, JUDGE
_____
                                                                  :
VIRTUS NUTRITION, LLC,                            :
                                                                  :
                       Plaintiff,             :          Court No. 21-00165
                                                                  :
               v.                                     :
                                                                  :
UNITED STATES,                                        :
                                                                  :
                      Defendant.           :
_____:

## ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's, Virtus Nutrition, LLC (Virtus), Complaint as follows:

## CAUSE OF ACTION

1. Admits.

## JURISDICTION

2. The allegation of the first sentence consists of legal argument and/or conclusions of law to which no response is required.  Denies that "duties, taxes, and fees were paid or deposited prior to the commencement of this action" because the merchandise was excluded from entry pursuant to 19 U.S.C. § 1307, and further denies that the duties, taxes and fees were "requisite."

## PARTIES

3. Admits that Virtus Nutrition LLC is the plaintiff.  Denies that it is a limited liability company organized and existing under the laws of the State of California.  Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

4. Admits.

## STATEMENT OF FACTS

5. Admits.

6. Admits that CBP detained plaintiff's merchandise while it was still on board the vessel and issued the notice of detention attached as Exhibit A to Plaintiff's Complaint. Denies that the remaining allegations are set forth in the notice of detention, which is the best evidence of its contents.

7. Denies that plaintiff made entry of the imported merchandise, filed a CBP Form 7501 or deposited estimated duties, taxes, and fees because the merchandise was excluded from entry pursuant to 19 U.S.C. § 1307. Denies that the entry number is 808-2001373-0.

8. Admits.

9. Admits that CBP requested information from plaintiff concerning the manufacture of the merchandise in the subject cargo, including records concerning the growth and harvesting of palm fruit bunches, the extraction of oils from that fruit, and refining of the oils into the products contained in the subject entry. Denies for lack of information or knowledge sufficient to form a belief as to what plaintiff means by the term "extensive." Denies that CBP received the requested information from plaintiff.

10. Admits that CBP Supervisory Import Specialist Nicole Boudreaux received information from Patti Murphy on February 15 and 16, 2021 regarding the production of the imported products, including information regarding sourcing of the fresh palm fruit bunches from which palm seeds and kernels were obtained, but denies that the information was responsive to CBP's request. Further denies the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truthfulness.

11. Admits that CBP confirmed receipt of information from Virtus on February 16, 2021. Denies the remainder of the allegations in this paragraph.

12. Denies.

13. Admits that plaintiff submitted an Ultimate Consignee Statement pursuant to 19 C.F.R. § 12.43. The remainder of the paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

14. Denies.

15. Admits that the Port Director of CBP at the Port of Oakland/San Francisco, California, issued to plaintiff the notice attached as Exhibit B to the Complaint stating that the subject merchandise was being excluded from entry pursuant to 19 U.S.C. § 1307. Denies that the notice was dated March 18, 2021. Denies the remainder of this paragraph.

16. Admits to the extent supported by the notice of exclusion, which is the best evidence of its contents; otherwise, denies.

17. Admits.

18. Admits.

19. Admits that CBP denied plaintiff's protest and transmitted the notice of denial on April 7, 2020. Further admits that plaintiff correctly quotes the electronic notice. The remainder of this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

## COUNT I

20. Defendant incorporates by reference its responses to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Denies.

22. Denies.

23. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies.

24. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action, sustaining the decision of the appropriate U.S. Customs and Border Protection officials, and granting defendant such other and further relief as may be just and appropriate.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Acting Assistant Attorney General

    JEANNE E. DAVIDSON
    Director

    /s/ Justin R. Miller
By:    JUSTIN R. MILLER
    Attorney-in-Charge
    International Trade Field Office

    /s/ Aimee Lee
    AIMEE LEE
    Assistant Director

    /s/ Marcella Powell
    MARCELLA POWELL
    Senior Trial Counsel

    /s/ Monica P. Triana
    MONICA P. TRIANA
    Trial Attorney
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza – Room 346
    New York, New York 10278
    Tel. (212) 264-9240 or 9230

Date: June 4, 2021    *Attorneys for Defendant*