**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. TIMOTHY M. REIF**
-------------------------------------------------------------------- X
VIRTUS NUTRITION, LLC.                                        :
                                                              :
      **Plaintiff,**                                 :
                                                              :
      *v.*                                           :        **No. 21-cv-00165**
                                                              :
THE UNITED STATES,                                            :
                                                              :
      **Defendant.**                                 :
-------------------------------------------------------------------- X

## CONSENT MOTION TO AMEND THE SCHEDULING ORDER

      Plaintiff Virtus Nutrition, LLC. ("Virtus") pursuant to Rules 6(b) and 7 of the United

States Court of International Trade, hereby moves this Court to amend the schedule, and extend

discovery, by thirty (30) days, from January 26, 2022 to and including February 25, 2022.  To

provide for the orderly administration of the case, the proposed order also extends the remaining

dates of the current scheduling order by the same amount of time.  This is the fourth motion to

amend the schedule.

      When a motion is made prior to a filing deadline, the Court may, for good cause, extend

the time within which a party must act.  USCIT Rule 6(b)(1)(A).  "Good cause requires the

moving party to show that the deadline for which an extension is sought cannot reasonably be

met despite the movant's diligent efforts to comply with the schedule."  *POSCO*, *et al. v. United

States*, Ct. Int'l Trade No. 16-00225, April 21, 2017 order (Docket entry no. 50) (citing *High

Point Design LLC v. Buyers Direct, Inc*., 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing

"good cause" in the context of Federal Rule of Civil Procedure 16(b)); and *United States v.

Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (2014) (diligence is the "primary

consideration" under the general good cause standard applicable to USCIT Rules 6(b) and

16(b)).

Good cause exists for amending the current scheduling order.  As previously reported to the Court, the plaintiff is unlikely to prosecute this action to conclusion due to lack of cooperation of plaintiff's supply chain partners. Instead, the plaintiff anticipates a sale and re-exportation of the merchandise. Plaintiff has in place with CBP an agreement regarding storage of the merchandise *pendent lite*. Initially, it was anticipated that if the goods were to be exported, they would be exported by rail, since the Penny Newman Grain Terminal, in Stockton, California, did not have a two-way hydrant systems which could pump palm oil distillates onto a vessel. However, the Grain Terminal is in the process of installing such a system, which would allow the terminal to load the goods onto a tanker vessel for exportation.  Mitsui & Co., the seller, has agreed to buy the merchandise back. The Penny Newman Grain Terminal facility upgrades are still awaiting approval from the United States Coast Guard ("USCG"). When approved it is expected that the goods will be exported, and the parties will be able to conclude this action on settlement.

The requested extension of the discovery deadline will allow additional time for the USCG to approve the facility and for the parties to conclude their discussions, and allow for the exportation of the goods. On January 26, 2022, Monica Triana, Esq., counsel for defendant indicated "the Government consents to the relief requested in the motion."

WHEREFORE, plaintiff respectfully request that the Court grant this requested extension and enter the proposed Sixth Amended Scheduling Order.


/s/ John M. Peterson
JOHN M. PETERSON
NEVILLE PETERSON LLP
One Exchange Plaza at 55 Broadway
New York, New York 10006
(212) 635-2730

*Attorneys for Plaintiff*
Dated: January 26, 2022