UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| ――――――――――――――――――――――――― : | |
| VIRTUS NUTRITION, LLC, : | |
| : | |
| Plaintiff, : | Court No. 21-00165 |
| : | |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |
| ――――――――――――――――――――――――― : | |

## <u>ORDER</u>

Upon reading plaintiff's response to the Court's order to show cause why this action
should not be dismissed under USCIT Rule 41(b)(3), and motion to dismiss with a stipulation to
allow exportation pursuant to the Temporary Storage Agreement dated February 25, 2021, under
USCIT Rule 41(a)(2); upon defendant's opposition to plaintiff's motion to dismiss with a
stipulation to allow exportation under the Temporary Storage Agreement; and upon other papers
and proceedings had herein; it is hereby

ORDERED that plaintiff's motion dismiss with a stipulation to allow exportation under
the Temporary Storage Agreement be, and hereby is, denied; and it is further

ORDERED that this matter be dismissed with prejudice.


_____
HON. TIMOTHY M. REIF, JUDGE


Dated:        New York, NY
              This     day of             , 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| _____ | : | |
| VIRTUS NUTRITION, LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00165 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

---

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER
TO SHOW CAUSE AND MOTION TO DISMISS THE CASE WITH A STIPULATION
ALLOWING EXPORTATION UNDER THE TEMPORARY STORAGE AGREEMENT**

---

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA MCCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

MONICA P. TRIANA
Trial Attorney

MARCELLA POWELL
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346
New York, New York 10278
*Attorneys for Defendant*
Tel. No. 212-264-9240 or 9230

Of counsel:
Sabahat Chaudhary, Esq.
Office of Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ........................................................................................................... 3

    A.  U.S. Customs and Border Protection's Enforcement of 19 U.S.C. §1307 ...................... 3

    B.  The Exclusion Of The Merchandise At Issue ................................................. 4

    C.  The Export Of The Merchandise At Issue ..................................................... 5

ARGUMENT ................................................................................................................. 6

  I.    THE COURT SHOULD DISMISS THIS MATTER FOR FAILURE
       TO PROSECUTE UNDER USCIT RULE 41(B)(3) ........................................ 6

  II.   THERE IS NO BASIS FOR THE COURT TO EXTEND
       THE TEMPORARY STORAGE AGREEMENT BEYOND ITS
       TERMS UNDER USCIT RULE 41(A)(2) ..................................................... 8

CONCLUSION .............................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Cases**

*A. Hirsch, Inc. v. United States*,
12 CIT 721 (1988) ........................................................................................................... 7

*Collins v. Baxter Healthcare Corp.,*
200 F.R.D. 151 (D.D.C. 2001) ....................................................................................... 9

*GAF Corp., v. Transamerica Ins. Inc.,*
665 F.2d 364 (D.C. Cir. 1981) ....................................................................................... 9

*LeCompte v. Mr. Chip, Inc.,*
528 F.2d 601 (5th Cir. 1976) ......................................................................................... 9

*Root Sciences, LLC v. United States,*
543 F. Supp. 3d 1358 (Ct. Int'l Trade 2021) .............................................................. 10

*U.S. v. Rubenstein,*
62 F. Supp. 2d 1139 (Ct. Int'l Trade 1999) .............................................................. 7, 8

**Statutes**

19 U.S.C. § 1307 .......................................................................................................... 1, 3

19 U.S.C. § 1514 ........................................................................................................ 7, 10

28 U.S.C. § 1356 ............................................................................................................ 10

28 U.S.C. § 1581 .......................................................................................................... 5, 7

**Rules**

Fed. R. Civ. Proc. 41 ...................................................................................................... 8

USCIT R. 41 ........................................................................................................... *passim*

**Regulations**

19 C.F.R. § 12.42 ............................................................................................................ 3

19 C.F.R. § 12.43 ............................................................................................................ 4

19 C.F.R. § 12.45 ............................................................................................................ 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. TIMOTHY M. REIF, JUDGE

_____

|                                          |   |                      |
|------------------------------------------|---|----------------------|
|                                          | : |                      |
| VIRTUS NUTRITION, LLC,                    | : |                      |
|                                          | : |                      |
|                  Plaintiff,              | : | Court No. 21-00165   |
|                                          | : |                      |
|            v.                            | : |                      |
|                                          | : |                      |
| UNITED STATES,                            | : |                      |
|                                          | : |                      |
|                  Defendant.              | : |                      |
|                                          | : |                      |

_____:

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND MOTION TO DISMISS THE CASE WITH A STIPULATION ALLOWING EXPORTATION UNDER THE TEMPORARY STORAGE AGREEMENT

Defendant, the United States, submits this opposition to plaintiff's, Virtus Nutrition, LLC (Virtus), response to the Court's order to show cause and motion to enter an order stipulating that defendant allow exportation of the merchandise under the Temporary Storage Agreement pursuant to USCIT Rule 41(a)(2).  For the reasons set forth below, defendant agrees that this action should be dismissed with prejudice pursuant to USCIT Rule 41(b)(3), but opposes plaintiff's motion to enforce the Temporary Storage Agreement because that agreement terminates upon dismissal of this litigation.

### INTRODUCTION

This case involves Virtus's challenge to U.S. Customs and Border Protection's (CBP) exclusion of one shipment of palm fatty acid distillate (PFAD) and palm stearin from entry into the United States, pursuant to the forced labor statute, 19 U.S.C. § 1307.  Shortly after the merchandise was detained by CBP, CBP and Virtus entered into a Temporary Storage Agreement, regarding the temporary storage and disposition of the merchandise at issue.  In the

1

Temporary Storage Agreement, the parties agreed to certain stipulations with respect to the detained merchandise "pending final decision regarding the admissibility of the shipments by U.S. Customs and Border Protection."  *See* Affidavit of Matt Swanson (Swanson Aff.), Ex. A. Virtus brought this court action following the denial of a protest challenging CBP's admissibility determination to detain and exclude the merchandise.

More than a year ago, in approximately August of 2021, plaintiff notified the Government and the Court that it was unlikely to seek a final judgment in this case.  That is, plaintiff did not intend to pursue the only relief it sought in its complaint – release of the goods for entry into the United States.  Despite Virtus's representation, over the course of the last 14 months, the Government has agreed, and the Court has ordered, the litigation to be extended with the expectation that Virtus would export the merchandise in question.  To date, plaintiff has not done so, and has not expressed a definite timeline for export of the merchandise.

Because plaintiff does not intend to prosecute this case, *i.e.*, challenge CBP's denied protest related to its exclusion of merchandise, the matter should be dismissed for failure to prosecute under USCIT Rule 41(b)(3), a result that would conserve the resources of the parties and the Court.  Virtus does not oppose the dismissal of this action (Pl. Br. at 1), however, it seeks to extend the terms of the Temporary Storage Agreement.  The parties agreed to the Temporary Storage Agreement "pending final decision regarding the admissibility of the shipments by U.S. Customs and Border Protection," which has been stayed while plaintiff sought judgment from the Court.  The agreement does not extend beyond the date that plaintiff is no longer seeking a final decision from the Court.

Accordingly, this case should be dismissed with prejudice for lack of prosecution.

## BACKGROUND

**A.      U.S. Customs And Border Protection's Enforcement Of 19 U.S.C. § 1307**

CBP excluded plaintiff's one entry of PFAD and palm stearin pursuant to 19 U.S.C. §

1307, which prohibits the importation of all goods made "wholly or in part" by forced, convict,

or indentured labor.  Section 1307 states:

> All goods, wares, articles, and merchandise mined, produced or
> manufactured wholly or in part in any foreign country by convict labor
> or/and forced labor or/and indentured labor under penal sanctions shall not
> be entitled to entry at any of the ports of the United States, and the
> importation thereof is hereby prohibited, and the Secretary of the Treasury
> is authorized and directed to prescribe such regulations as may be
> necessary for the enforcement of this provision.
>
> "Forced labor" as herein used, shall mean all work or service which is
> exacted from any person under the menace of any penalty for its
> nonperformance and for which the worker does not offer himself
> voluntarily. For purposes of this section, the term "forced labor or/and
> indentured labor" includes forced or indentured child labor.

By its express terms, section 1307 prohibits the importation of goods mined, produced or

manufactured wholly or in part with forced labor.  Thus, section 1307 prohibits the importation

of goods produced in any part with forced labor.

CBP investigates allegations of violations of section 1307 and enforces the statute

through detention, exclusion, and seizure of prohibited merchandise where appropriate.  *See* 19

C.F.R. §§ 12.42-12.45; 19 U.S.C § 1307 (authorizing the Secretary of the Treasury to prescribe

regulations as necessary for the enforcement of this provision).  In addition, CBP is authorized to

issue a withhold release order (WRO) under section 12.42(e) of the regulations, if it has

information that "reasonably but not conclusively indicates" both that merchandise falls within

the purview of section 1307, and is being, or is likely to be, imported into the United States.

In order to prove admissibility after its merchandise is detained pursuant to a WRO, an importer is required to submit to CBP, *inter alia*, a statement "showing in detail that he had made every reasonable effort to determine the source of the merchandise and of every component thereof and to ascertain the character of labor used in the production of the merchandise and each of its components, the full results of his investigation, and his belief with respect to the use of the class of labor specified in the finding in any stage of the production of the merchandise or of any of its components."  19 C.F.R. § 12.43(b).

**B.     The Exclusion Of The Merchandise At Issue**

CBP issued a WRO, effective December 30, 2020, on palm oil and palm oil products produced by the Sime Darby Plantation Berhad and its subsidiaries, joint ventures, and affiliated entities (Sime Darby) in Malaysia.

On or about February 8, 2021, CBP detained plaintiff's one shipment of PFAD and palm stearin from Malaysia pursuant to the WRO.  *See* Pl.'s Compl., Ex. A.  On February 25, 2021, plaintiff and CBP entered into a Temporary Storage Agreement regarding the temporary storage and disposition of the merchandise, at the importer's expense, "pending final decision regarding the admissibility of the shipments by [CBP]."  *See* Swanson Aff., Ex. A.  According to the agreement, the merchandise was to remain at the Penny Newman Grain Terminal in Stockton, California until such time as a determination was made as to the entry or exclusion of the merchandise.  *Id.*  If excluded, plaintiff would be responsible for export or destruction of the merchandise.  *Id.*, ¶ 9.  The agreement also provided that "[i]f exported, shipments that are deemed excludable will be exported in-bond via rail to Mexico or Canada."  *Id.*, ¶10.

On March 23, 2021, CBP excluded the shipment from entry into the United States.  *See* Pl.'s Compl., Ex. B.  On March 31, 2021, plaintiff protested the exclusion of its merchandise,

and on April 7, 2021, CBP denied plaintiff's protest on the grounds that the evidence submitted

by plaintiff was insufficient to establish the admissibility of the merchandise.  Plaintiff

commenced this action on April 15, 2021.  Plaintiff invoked this Court's jurisdiction pursuant to

28 U.S.C. § 1581(a) – to contest the denial of a protest challenging CBP's decision to detain and

exclude the merchandise in question.  Compl. ¶¶ 1, 2.

### C.  The Export Of The Merchandise At Issue

In or around August of 2021, Virtus informed the Government that it likely would not

continue to contest the exclusion, but instead would endeavor to export the merchandise.  This

information was then communicated to the Court during a status conference on August 25, 2021.

*See* ECF No. 27.  Since that time, the parties either jointly or plaintiff, on consent, moved to

amend the scheduling order a total of 12 times for the reason that Virtus intended to export the

merchandise.  *See* ECF Nos. 25, 32, 37, 41, 45, 50, 54, 60, 62, 66, 68, 71.  More than a year ago,

on October 24, 2021, plaintiff, in one of its motions, stated specifically that due to lack of

cooperation from members of plaintiff's supply chain Virtus would not be able to prosecute the

action.  ECF No. 37.

Although paragraph 10 of the Temporary Storage Agreement stated that any export

would be by rail, plaintiff appears intent to export by vessel.  However, according to plaintiff, it

has been unable to export the merchandise by vessel.  *See e.g.*, ECF No. 37.  Specifically,

plaintiff states that the Penny Newman Grain Terminal, in Stockton, California, where it agreed

to store the merchandise and where it is held, did not yet have an outbound hydrant system which

could pump palm oil distillates onto a vessel, but that the terminal was in the process of installing

such a system.  *Id.*

Since at least November of 2021, plaintiff asserted that updates for the new system were awaiting approval from the U.S. Coast Guard, which was eventually granted by May of 2022. *See e.g.*, ECF Nos. 41, 66.  As of July of 2022, the terminal was still awaiting final approval and a permit from the Environmental Protection Agency (EPA), and the installation of a pump.  *See* ECF 71.  According to the affirmation of Matt Swanson of Virtus, attached to plaintiff's most recent submission, Virtus is still awaiting installation of a pump that is expected to be complete in "mid-October."  Swanson Aff., ¶ 18.  CBP has informed the undersigned, and plaintiff's counsel has confirmed, that the pump has been installed; according to CBP, it is now awaiting wiring and connection to certain software.  The undersigned reached out to counsel for Virtus since the filing of plaintiff's response and was informed that the merchandise has still not been exported.

## ARGUMENT

## I.   THE COURT SHOULD DISMISS THIS MATTER FOR FAILURE TO PROSECUTE UNDER USCIT RULE 41(B)(3)

On August 30, 2022, after a year of delay in the export of the merchandise and/or prosecution of this action, the Court issued an ordered to show cause, as to "why the instant action should not be dismissed for lack of prosecution pursuant to U.S. Court of International Trade Rule 41(b)(3)." ECF No. 75.  Given the time since plaintiff definitively indicated that it does not intend to prosecute this action (ECF No. 37), and plaintiff's consent to dismissal (Pl. Br. at 1), this matter should be dismissed, with prejudice, pursuant to USCIT Rule 41(b)(3).

USCIT Rule 41(b)(3) covers "involuntary" dismissals "[w]hen it appears that there is a failure of the plaintiff to prosecute . . . ."  *Id.*  When applicable, "the court may on its own after notice, or on motion of a defendant, order the action or any claim dismissed for lack of prosecution."  *Id.*  A dismissal on this ground is within the sound discretion of the trial court,

6

reversable "only for manifest or gross abuse of discretion."  *U.S. v. Rubenstein*, 62 F. Supp. 2d

1139, 1142 (Ct. Int'l Trade 1999) (internal citations omitted).  While this is a drastic sanction, it

can be used where there is a "clear pattern of delay, contumacious conduct, or failure to comply

with orders of the Court." *Id.* at 1143; *see also A. Hirsch, Inc. v. United States*, 12 CIT 721, 723

(1988).  Here, there has been a pattern of delaying the dismissal of this action, where there is no

intent to pursue the relief sought in the complaint.

The jurisdictional statute, 28 U.S.C. § 1581(a), grants the Court "exclusive jurisdiction of

any civil action commenced to contest the denial of a protest, in whole or in part, under section

515 of the Tariff Act of 1930," which enumerates certain decisions made by CBP.  The exclusion

of merchandise is one such protestable decision. 19 U.S.C. § 1514(a)(4).  The Court's

jurisdiction is based on CBP's denial of plaintiff's protest, challenging plaintiff's exclusion.  Not

only has plaintiff agreed to dismissal of the action (Pl. Br. at 1), but counsel for Virtus has

represented to the Government and the Court, repeatedly over the course of the last year, that it

no longer intends to challenge CBP's protest denial related to the exclusion.  *See* ECF Nos. 25,

32, 37, 41, 45, 50, 54, 60, 62, 66, 68, 71.  Despite no longer seeking the relief asserted in its

complaint, plaintiff has sought to keep the action on the Court's docket while it attempts to

export its merchandise.  The Government had previously consented to this relief while plaintiff

purportedly arranged for the export.  Plaintiff now agrees, more than a year later, that there is no

basis to keep the action on the Court's docket.

Because plaintiff does not intend to challenge the protest denial at issue – the challenge

that allowed plaintiff to invoke this Court's jurisdiction – this action should be dismissed with

prejudice under USCIT Rule 41(b)(3).

7

## II.   THERE IS NO BASIS FOR THE COURT TO EXTEND THE TEMPORARY STORAGE AGREEMENT BEYOND ITS TERMS UNDER USCIT RULE 41(A)(2)

Despite recognition that it cannot receive the relief sought in the complaint, and that its action should be dismissed, Virtus now seeks different relief under USCIT Rule 41(a)(2), which this Court should not entertain.  Specifically, plaintiff seeks to extend, indefinitely, the terms of the Temporary Storage Agreement, through a stipulation by the Court specifying that defendant allow the export of the goods in accordance with the agreement's terms.  Pl. Br. at 1.  That agreement, however, covered the temporary storage and disposition of the merchandise at issue "pending final decision regarding the admissibility of the shipments by [CBP]."  Swanson Aff., Ex. A.  Here, CBP has already made its final determination, and with the dismissal of this action the terms of the agreement are fulfilled.  USCIT Rule 41(a)(2) does not permit the relief sought by Virtus and, therefore, this action should be dismissed, without the stipulation plaintiff seeks.

USCIT Rule 41(a)(2) was intended to protect a *defendant* where a plaintiff voluntarily dismisses its case and cannot be used to grant plaintiff additional relief.  Rule 41(a)(2), which mirrors Fed. R. Civ. Proc. 41(a)(2), provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed *at the plaintiff's request* only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

*Id.* (emphasis added).  This rule applies when plaintiff is voluntarily dismissing its case, to potentially file again at a later time.  The facts here do not constitute a voluntary dismissal. Here, Virtus has only belatedly sought relief under USCIT Rule 41(a)(2), in response to the Court's order to show cause asking plaintiff why the case should not be dismissed, *with*

*prejudice*, for failure to prosecute under USCIT Rule 41(b)(3) – relief which, as stated above, is warranted.  These are hardly the voluntary circumstances intended under the statute.

Moreover, the purpose of the rule, and the option for additional relief, is "to protect a defendant from undue prejudice or inconvenience from plaintiff's voluntary dismissal." *Collins v. Baxter Healthcare Corp.*, 200 F.R.D. 151, 152 (D.D.C. 2001); *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981); *see also LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) ("The dismissal may be conditioned upon the imposition of other terms designed to reduce inconvenience to defendant.").  Because dismissals without prejudice permit refiling, the additional relief provided to *defendant* under the rule often involves the payment, by plaintiff, of defendant's attorney's fees.  *See Lecompte*, 528 F.2d at 603.  Certainly, the rule should not allow plaintiff to be awarded additional relief, beyond the relief sought in the complaint, on a case that plaintiff has no intention of litigating, and for which the Government, and the Court, have already expended significant time and effort.

The case law plaintiff cites in support of its claimed relief is inapposite.  We agree with plaintiff that "CBP regularly enters into contracts with importers and exporters" and we further agree that some contracts describe facts and circumstances surrounding the export of goods.  Pl. Br. at 6.  However, plaintiff has cited to no case where, at plaintiff's request, and for the benefit of plaintiff, a Court has extended the terms of a contract between the agency and an importer under USCIT Rule 41(a)(2).  Protection of plaintiff's assets is simply not the purpose of the rule.

Finally, the agreed-upon terms of the Temporary Storage Agreement plaintiff references are instructive as to the intent of the parties.  The terms apply "pending final decision regarding the admissibility of the shipments by U.S. Customs and Border Protection," *see* Swanson Aff., Ex. A, and that time has passed.  Virtus agrees that the temporary storage agreement is "designed

to address custody of the merchandise while administrative and potential judicial proceedings

regarding the merchandise were conducted." Pl. Br. at 2. The merchandise has been excluded

by CBP, and plaintiff is not challenging that decision before the Court. The terms of the

agreement further state that "if the shipments are excluded as a result of the withhold release

order, [Virtus] is responsible for re-export or destruction . . . ." The contract does not state that

this agreement must remain in place until such time as plaintiff is able to export the merchandise.

There is simply no basis for the Court to award plaintiff any relief, let alone the extraordinary

relief it seeks.[1]

---

[1] Plaintiff references the possibility of seizure and forfeiture. Even if that were to occur, plaintiff has an avenue to seek relief from the district court, not this Court. 28 U.S.C. § 1356. Specifically, seizures are not protestable under 19 U.S.C. § 1514(a) and cannot be appealed to this court. *Root Sciences, LLC v. United States*, 543 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2021).

## CONCLUSION

For these reasons, we respectfully request that the Court deny plaintiff's motion to dismiss with a stipulation to export under the temporary storage agreement and dismiss this action with prejudice.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:   /s/ Justin R. Miller
      JUSTIN R. MILLER
      Attorney-In-Charge
      International Trade Field Office

      /s/ Aimee Lee
      AIMEE LEE
      Assistant Director

      /s/ Marcella Powell
      MARCELLA POWELL
      Senior Trial Counsel

      /s/ Monica Triana
      MONICA TRIANA
      Trial Attorney
      Civil Division, Dept. of Justice
      Commercial Litigation Branch
      26 Federal Plaza, Room 346
      New York, New York l0278
      Attorneys for Defendant
Dated: November 3, 2022        Tel. No. 2l2-264-9230 or 1873

11