UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

------------------------------------------------------------------ X
VIRTUS NUTRITION, LLC,                    :
                                          :
      **Plaintiff,**            :
                                          :
      *v.*                     :     No. 21-cv-00165
                                          :
THE UNITED STATES,                        :
                                          :
      **Defendant.**           :
------------------------------------------------------------------ X

### REPLY BRIEF OF PLAINTIFF, VIRTUS NUTRITION LLC., IN SUPPORT OF MOTION TO DISMISS THE CASE WITH A STIPULATION ALLOWING EXPORTATION UNDER TEMPORARY STORAGE AGREEMENT

Pursuant to U.S. Court of International Trade Rules ("USCIT R.") 7 and 41(a)(2), Plaintiff Virtus Nutrition LLC submits this Reply Brief in support of its motion to dismiss this case voluntarily, on condition that it be permitted to export the subject merchandise pursuant to the Temporary Storage Agreement ("the Agreement") entered into between plaintiff and United States Customs and Border Protection ("CBP"). While plaintiff has moved for an Order permitting it voluntarily to dismiss this action pursuant to USCIT Rule 41(a)(2)[1], this Court has authority, under said Rule 41(a)(2), to grant dismissal "on terms that it considers proper." This Court should allow plaintiff to export the goods as in accordance with the Agreement.

As discussed herein, contrary to the defendant's arguments that plaintiff is seeking "to extend, indefinitely, the terms of the Temporary Storage Agreement", it is only the end of this litigation, following a protest process, which *triggers* the exportation provisions of the Agreement. Plaintiff seeks not to extend the Agreement, but merely to enforce it.

---

[1] We note that, contrary to defendant's assertion, there is no Motion to dismiss this action for lack of prosecution currently pending.

**ARGUMENT**

I. **The Government's Obligation Under the Agreement Does not Take Effect until this Litigation Ends**

Detained goods are typically stored at government-owned facilities, either at the Government's cost or, in certain cases, for the risk and expense of the importer. The Government is normally responsible for the storage of detained goods over which it exercises custody, while importers undergo the administrative and litigation options available to them to seek relief. *See, e.g.,* 19 U.S.C. § 1605 (pertaining to seizure cases). Indeed, this Court has found that exportation of detained goods moots an exclusion case. *Pollak Import-Export Corp. v United States*, 14 C.I.T. 854, 55 (1990) (citing Wear *Me Apparel Co. v. United States*, 10 C.I.T. 332 (1986)). In this case the merchandise, consisting of palm fatty acid distillates ("PFADs") and palm stearin, were quite different from goods normally stored on a pallet in a warehouse. The goods were imported on a specialty tanker vessel[2] and were required to be stored in specific facilities not normally available to CBP.

To help solve this issue, and to help release the tanker vessel the goods on which the goods were detained, plaintiff and CBP entered into the Agreement on February 25, 2021. The Agreement was designed to address custody of the merchandise while administrative and potential judicial proceedings regarding the merchandise were conducted. Plaintiff agreed to store the goods in shore tanks and railcars at the Penny Newman Grain Terminal facility, located in Stockton, California, at Virtus' expense. The Agreement was to the Government's benefit, as without it CBP would be

---

[2] As previously noted, CBP's decision to detain the merchandise while it was still on the importing vessel, instead of waiting for unlading and the filing of an entry, caused Virtus to incur additional vessel demurrage charges of $180,687. *See* ECF 10, Ex. 3 (Affirmation of Matt Swanson).

2

responsible for the storage of the detained goods, and would have to incur the storage expenses which plaintiff has incurred under the Agreement. These charges are approximately $35,000 per month in storage fees, plus $919 per month for heating the goods in shore tanks. *See* ECF 10, Ex. 3 (Affirmation of Matt Swanson). Additional demurrage has been incurred on railroad tank cars holding the palm stearin.

Up until this point, the burden of the Agreement has fallen on plaintiff, who has paid considerable fees for the storage, insured adequate security in place for the rail cars and shore tanks, and taken precautions to ensure the goods are not released or mixed with other goods. Virtus has posted a single entry bond to ensure the payment of liquidated damages should any portion of the goods be released, and has ensured CBP has access to inspect the facility. Now at the end of this Court's review of CBP's denial of Plaintiff's protest comes the only obligation under the Agreement that CBP is required to give: to allow exportation. Through its counsel, CBP declines to inform the Court whether it will honor that Agreement. For that reason, the Court should condition its order of dismissal on the requirement that CBP honor the Agreement.

**II.     The Court Has Power to Condition Dismissal on Compliance with the Agreement**

"The primary purpose of Rule 41(a)(2)'s requirement of a court order of dismissal is to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). Typically, the question is whether a suit should be dismissed with or without prejudice[3]. The factors used in assessing the terms of a voluntary dismissal include (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) whether plaintiff's explanation for the need to take a

---

[3] In this case, the dismissal would be with prejudice, as plaintiff could not timely file a new protest against the exclusion of its merchandise. We expect that the Court would retain jurisdiction to ensure compliance with conditions contained it its Order of Dismissal.

dismissal is insufficient, and (4) whether a motion for summary judgment has been filed by the defendant. *Id*. (quoting Grover, 33 F.3d at 718). "The [Grover] factors are simply a guide for the trial judge, in whom the discretion ultimately rests." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. Appx 498, 502 (6th Cir. 2007) (internal citation omitted).

In this case, the factors indicate that defendant would not be prejudiced by attaching the requested condition to the Order of Dismissal. While the parties engaged in early motion practice and limited discovery, defendant was not required to incur expense of preparation for trial. While litigation was delayed, due to factors beyond the plaintiff's control, these delays did not work any disadvantage to the government. Plaintiff has provided the Court with regular reports on the status of its efforts to secure cooperation from persons involved in the supply chain for the imported merchandise, and of plaintiff's preparations to export same. Finally, no motion for summary judgment has been filed.

Thus, in *Bluff City Partners, LLC v. 22 N. Third, LLC*, 2021 U.S. Dist. LEXIS 256542 at *13 (W.D. Tenn.), a court granted a plaintiff's motion voluntarily to dismiss its action, but enforced a pre-litigation contract between the parties regarding the payment of attorneys' fees. In this case, plaintiff merely seeks to have dismissal conditioned upon the government's compliance with its own pre-litigation undertakings pursuant to the Agreement. Defendant has not suggested that it would be prejudiced by being required to do so.

As defendant is aware, the modifications to the Penny Newman Grain Terminal have been completed, and plaintiff merely awaits the booking of a carrier to remove the PFAD for exportation. The palm stearin is ready to be exported by rail to Mexico.

### III.  Courts Uphold CBP Agreements  Requiring Exportation of Merchandise

As explained previously in plaintiff's motion to dismiss, Courts will take action to enforce, and modify as necessary, agreements to which CBP is a party.  Courts routinely hold CBP to the terms of its agreements with importers. *See e.g., Rakower v. Aker*, 1998 U.S. Dist. LEXIS 11800 (E.D.N.Y 1998), *Pollak Import-Export Corp. v. United States*, 14 C.I.T. 854 (1990), *Alde S.A. v. United States*, 28 Fed. Cl. 26 (1993) and *Lyng Motors Inc. v. United States*, 923 F. Supp. 356 (N.D.N.Y 1996).

It is within this Court's power as a Court of law and equity to incorporate the temporary storage agreement into a dismissal of this case. 19 U.S.C. § 1585. USCIT Rule 41(a)(2) reads that "an action may be dismissed at the plaintiff's request only by court order, <u>on terms that the court considers proper</u>." In this case, plaintiff request that the Court find it proper to include the temporary storage agreement in this dismissal order.

As previously explained, both the Government and plaintiff knowingly entered into the temporary storage agreement and received consideration for the bargain in the agreement. CBP lacked a suitable facility to store the merchandise, and the Agreement saved CBP the bother and expense of locating and leasing one. The parties set the stage for an orderly resolution of the dispute regarding admissibility of the subject merchandise, with CBP allowing exportation if the goods were not admitted. There was a true meeting of the minds on all relevant points of the Agreement. Now that that the protest process challenging the admissibility of the goods under the WRO is at an end plaintiff request that the defendant be required to honor the Agreement that it entered into.

The Government notes that if CBP elects to seize the merchandise, "plaintiff has an avenue to seek relief from the district court, not this Court.28 U.S.C. § 1356." A seizure case, and the need for a second lawsuit, are precisely what the Agreement seeks to avoid. CBP had threatened seizure

of the goods when the detention first occurred. USCIT R. 1 requires that the rules of this Court "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Conditioning dismissal of this action upon plaintiff's exportation of the merchandise at bar serves the goals of Rule 1. If, as the government suggests, the Agreement could be raised as a meritorious defense in a District Court in response to a CBP seizure, there is no need to expose plaintiff to such a second lawsuit.

Plaintiff appreciates the Court's indulgence and patience in this matter, and submits that this Court is empowered, under USCIT R. Rule 41(a)(2), to order dismissal on conditions which recognize and enforce the provisions of the Agreement. Wherefore, plaintiff prays that the proposed Order of Dismissal, submitted in EC 76-2, be entered.

          Respectfully submitted,

          /s/ John M. Peterson
          John M. Peterson

          NEVILLE PETERSON LLP
          Counsel for Plaintiff
          One Exchange Plaza at 55 Broadway
          New York, New York 10006
          (212) 635-2730
          (212) 635-0113 (Fax)

November 28, 2022