Slip Op. 22-142

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **VIRTUS NUTRITION LLC,** | |
| Plaintiff, | |
| v. | Before: Timothy M. Reif, Judge |
| **UNITED STATES,** | Court No. 21-00165 |
| Defendant. | |

## OPINION

[Dismissing the instant action pursuant to U.S. Court of International Trade Rule 41(a)(2).]

Dated: December 15, 2022

John M. Peterson, Neville Peterson, LLP, of New York, N.Y., for plaintiff Virtus Nutrition LLC.

Marcella Powell, Senior Trial Counsel, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendant United States.  With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia McCarthy, Director, Justin R. Miller, Attorney-In-Charge, International Trade Field Office, and Monica P. Triana, Trial Attorney.  Of counsel on the brief was Sabahat Chaudhary, Attorney, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

\* \* \*

"Wednesday morning at five o'clock as the day begins.  Silently closing her bedroom door, leaving the note that she hoped would say more. . . .  She's leaving home."[1]

\* \* \*

---

[1] THE BEATLES, *She's Leaving Home, on* SGT. PEPPER'S LONELY HEARTS CLUB BAND (EMI 1967).

  Reif, Judge: Virtus Nutrition LLC ("plaintiff") seeks the voluntary dismissal of the instant action, which involves an appeal of the decision of U.S. Customs and Border Protection ("Customs") to deny plaintiff's protest regarding the exclusion from entry into the United States of certain palm oil fatty acid distillates and palm stearin products from Malaysia.  *See* Mot. of Pl. in Resp. to Ct. Order to Show Cause Why this Action Should Not Be Dismissed ("Pl. Br.") at 1, ECF No. 76; Reply Br. of Pl. in Supp. of Mot. to Dismiss the Case with a Stipulation Allowing Exportation Under Temp. Storage Agreement ("Pl. Reply. Br.") at 1, ECF No. 78; Compl. at ¶ 1, ECF No. 2; *see also* section 514(a)(4) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514(a)(4);[2] 19 U.S.C. § 1307.  The United States ("defendant") agrees that the court should dismiss this action with prejudice.[3]  *See* Def.'s Opp. to Pl.'s Resp. to Ct.'s Order to Show Cause and Mot. to Dismiss the Case with a Stipulation Allowing Exportation Under the Temp. Storage Agreement ("Def. Br.") at 1, ECF No. 77; Pl. Reply Br. at 3 n.3.  However, defendant challenges plaintiff's contention that the court should dismiss the action "with the stipulation that defendant . . . through . . . [Customs], allow exportation of the

---

[2] References to the U.S. Code are to the 2018 edition.  Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code.

[3] Plaintiff moves for dismissal pursuant to Rule 41(a)(2) of the U.S. Court of International Trade ("USCIT" or the "Court"), *see* Pl. Br. at 1, whereas defendant argues that the court should dismiss the instant action pursuant to USCIT Rule 41(b)(3), which provides for involuntary dismissal "[w]hen it appears that there is a failure of the plaintiff to prosecute" the action.  *See* Def. Br. at 1; USCIT R. 41(b)(3).  Given that plaintiff moves for the voluntary dismissal of this action, the court finds that USCIT Rule 41(b)(3) is not applicable.  *See United States v. T.J. Manalo, Inc.*, 33 CIT 1530, 1534, 659 F. Supp. 2d 1297, 1301 (2009) ("The voluntary dismissal of an action is governed by USCIT Rule 41(a).").

merchandise pursuant to the written agreement between" plaintiff and Customs dated February 25, 2021 ("Temporary Storage Agreement" or the "Agreement"). Pl. Br. at 1, Ex. A ("Temp. Storage Agreement"); *see* Def. Br. at 1.

USCIT Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." USCIT R. 41(a)(2). The Court previously has stated that "the decision as to whether to grant a motion to dismiss [pursuant to USCIT Rule 41(a)(2)] is committed to the court's sound discretion." *T.J. Manalo*, 33 CIT at 1535, 659 F. Supp. 2d at 1301 (citations omitted); *see Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments,* 479 F.3d 1330, 1336 (Fed. Cir. 2007) ("Rule 41(a)(2) gives courts discretion in deciding whether to grant a plaintiff's motion to voluntarily dismiss and whether to impose terms and conditions in granting such a motion."); *cf. Collier v. CorrectHealth Bibb, LCC*, 2011 WL 767971, at *5-*7 (M.D. Ga. Feb. 25, 2011) (declining to include in the court's order of voluntary dismissal two of the plaintiff's proposed conditions); *Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 2013 WL 251203, at *2-*4 (N.D. Ill. Jan. 23, 2013), *aff'd*, 737 F.3d 465 (7th Cir. 2013) (conditioning voluntary dismissal on the plaintiff's payment of certain of the defendant's attorney's fees).

The court concludes that it is "proper" within the meaning of USCIT Rule 41(a)(2) to dismiss the instant action without including in the court's order plaintiff's proposed stipulation regarding the Temporary Storage Agreement. USCIT R. 41(a)(2); *see* Proposed Order, ECF No. 76-2. Two considerations support this conclusion. First, the Temporary Storage Agreement does not provide a basis to include plaintiff's proposed

stipulation. Plaintiff contends that the court should include this stipulation because the Temporary Storage Agreement "guarantees [plaintiff] the right to export the merchandise in the event it is not released" for consumption. Pl. Br. at 3. However, the provision of the Agreement upon which plaintiff relies does not "guarantee[]" plaintiff the "right" to export its merchandise, *id.*; rather, this provision states that "[i]f the shipments are excluded . . . [plaintiff] is responsible for re-export or destruction." Temp. Storage Agreement at ¶ 9. This provision also does not *require* that the Temporary Storage Agreement remain in effect beyond the conclusion of this litigation until the point at which plaintiff may "re-export or destr[oy]" the merchandise. *Id.* The Agreement provides instead that it will remain in effect "pending final decision regarding the admissibility of the shipments." Temp. Storage Agreement. Consequently, the terms of the Temporary Storage Agreement neither require nor are consistent with plaintiff's request to include its proposed stipulation in the order of dismissal.

The second reason for the court's conclusion is that plaintiff retains recourse to address its concern that Customs "may seize the goods rather than allow their exportation" should the court dismiss this action without including the proposed stipulation. Pl. Br. at 5. In such a circumstance, plaintiff would be able to challenge pursuant to 28 U.S.C. § 1356 the potential seizure of plaintiff's merchandise. *See Root Scis., LLC v. United States*, 45 CIT __, __ n.5, 543 F. Supp. 3d 1358, 1370 n.5 (2021), *reconsideration denied*, 46 CIT __, 560 F. Supp. 3d 1357 (2022). Plaintiff recognizes the availability of this recourse but argues for the inclusion of the proposed stipulation on the basis that "there is no need to expose plaintiff to . . . a second lawsuit." Pl. Reply

Br. at 5-6.  The possibility of future litigation does not provide a basis to include plaintiff's proposed stipulation in the court's order of dismissal, particularly in view of the purpose of USCIT Rule 41(a)(2) — to protect the *defendant* from "[c]lear legal prejudice" that may result from the voluntary dismissal of an action.  *Tomoegawa (U.S.A.), Inc. v. United States*, 15 CIT 182, 190, 763 F. Supp. 614, 621 (1991) (citations omitted); *cf. Mobiloc, LLC v. Neutron Holdings, Inc.*, 2021 WL 4963641, at *2 (W.D. Wash. Oct. 26, 2021) ("Legal prejudice does not include . . . uncertainty from the threat of future litigation.") (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 96-97 (9th Cir. 1996)).  Consequently, the court concludes that it is "proper" to dismiss the instant action without including plaintiff's proposed stipulation in the court's order.  USCIT R. 41(a)(2).

With the dismissal of this action, the court denies as moot the motion of the American Apparel & Footwear Association for leave to file a brief as amicus curiae.  *See* Mot. for Leave to File a Br. as *Amicus Curiae*, ECF No. 29; USCIT R. 76; *cf. New York Immigr. Coal. v. Rensselaer Cnty. Bd. of Elections*, 2019 WL 6330265, at *7 (N.D.N.Y. Nov. 25, 2019) (granting the defendants' motion to dismiss and denying as moot a motion for leave to file a brief as amicus curiae).

Judgment will enter accordingly.

/s/      Timothy M. Reif
Timothy M. Reif, Judge

Dated: December 15, 2022
       New York, New York